NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1456

THOMAS S. ROSS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Thomas S. Ross, of Miramar, Florida, pro se.

Amanda L. Tantum, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director. Of counsel were Raymond T. Chen, Solicitor, and William LaMarca and Thomas L. Stoll, Associate Solicitors, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia.

Appealed from: United States District Court for the Southern District of Florida

Judge James I. Cohn

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1456

THOMAS S. ROSS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Florida in case no. 07-CV-61723, Judge James I. Cohn.

_____

DECIDED: May 5, 2010

_____

Before MAYER, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

Thomas S. Ross, plaintiff-appellant, appeals the final judgment of the United States District Court for the Southern District of Florida dismissing Ross's claims for lack of subject matter jurisdiction and for failure to state a claim. See Ross v. United States, No. 07-CV-61723 (S.D. Fla. Mar. 30, 2009). On appeal, Ross raises the following issues: (1) whether the district court erred by dismissing his claims for lack of subject matter jurisdiction as time-barred; and (2) whether the district court erred by dismissing his claims for failure to state a claim for which relief could be granted. For the reasons noted, we affirm the decision of the district court.

BACKGROUND

On November 12, 1992, Ross filed an application for a patent, U.S. Patent Application No. 07/974,428 (the "'428 application"), with the United States Patent and Trademark Office ("PTO"). The '428 application was directed towards an electronic reading device. Rather than paying the required filing fee, Ross requested that the PTO waive any fees due to his indigent circumstances. The PTO did not respond to Ross's request and declared the '428 application abandoned on April, 10, 1995.

On June 2, 1998, the PTO issued to Daniel E. Munyan U.S. Patent No. 5,761,485 (the "Munyan patent"), styled "Personal Electronic Book System." It is Ross's belief that the Munyan patent covers technology that Ross had tried to claim in the '428 application.

On February 3, 1999, Ross filed a second application, U.S. Patent Application No. 09/245,075 (the "'075 application"), as a substitute application for the '428 application in an effort to make the '428 application prior art to the Munyan patent. The '075 application claimed the same subject matter as the '428 application, but this time he included the necessary filing fee. Ross requested that the '075 application receive the benefit of the '428 application filing date and claims that he intended to use the '075 application to revive the '428 application, however, the '075 application states several times that it is a substitute for the '428 application.

After filing the '075 application, Ross requested an interference proceeding between the '075 application and the Munyan patent. In response, the PTO examiner first explained that under 35 U.S.C. § 120 the '075 application could not claim priority to the '428 application because the applications were not co-pending. Furthermore, the

examiner did not declare an interference because the '075 application claim did not cover claim 1 of the Munyan patent and the '075 application failed to enable the claims of the invention. The examiner also rejected the application under 35 U.S.C. § 112, ¶ 2 for failing to define the invention and under § 103(a) as being unpatentable over an article on a "paperless book" in view of U.S. Patent No. 5,465,401. Ross never responded to the office action and the '075 application went abandoned on January 3, 2000.

On July 11, 2007, Ross filed a complaint in the United States Court of Federal Claims. At Ross's request, the case was transferred to the United States District Court for the Southern District of Florida. Ross raised several claims against the United States including a due process violation for requiring a fee to consider the merits of his patent application, a denial of his property rights for failing to grant him a patent, and takings claims for failing to grant him a patent. Ross, No. 07-CV-61723, slip op. at 3. The district court dismissed Ross's claims for lack of subject matter jurisdiction as time-barred and for failure to state a claim for which relief can be granted. Id. at 6. Ross then appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

We review a district court's grant of a motion to dismiss for lack of subject matter jurisdiction de novo. Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358, 1361 (Fed. Cir. 2009). We review underlying findings of fact for clear error. Id. When the district court has dismissed a complaint for failure to state a claim upon which relief can be granted, this court also reviews the district court's decision de novo, but we accept the facts as alleged. Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009).

The first issue raised on appeal is whether the district court erred by dismissing Ross's claims against the United States for lack of subject matter jurisdiction as time-barred. "The basic rule of sovereign immunity is that the United States cannot be sued without the Consent of Congress." Block v. North Dakota, 461 U.S. 273, 287 (1983). Where Congress has attached conditions to legislation waiving sovereign immunity, such as a statute of limitations, those conditions must be strictly observed. Id. Pursuant to 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

Construing the facts in the light most favorable to the non-moving party, Ross's right of action accrued on January 3, 2000, when the PTO declared the '075 application abandoned. Under 28 U.S.C. § 2401(a), if Ross desired to bring suit against the United States, he was obligated to do so within six years. Ross argues, however, that his claims did not accrue until he knew of the error that he had made before the PTO. A claim first accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed. Cir. 1988). In this case, Ross's claims accrued when the '075 application went abandoned, not when he realized his error, because all events had occurred that were necessary for him to bring suit and he should have known of the existence of these events when the PTO notified him of the abandonment. See id.

Ross further argues that a procedural instrument such as a statute of limitations should not be applied so rigidly as to overlook the substance of his claims. Yet, this

court has stated that "'[a] constitutional claim can be time-barred just as any other claim can.'" <u>Hair v. United States</u>, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (quoting <u>Block</u>, 461 U.S. at 292). Furthermore, as noted above, the Supreme Court clearly stated in <u>Block</u> that where a condition applies to the United States' waiver of sovereign immunity, such condition must be strictly applied. 461 U.S. at 287. Ross also argues that the statute of limitations should not apply so broadly to all of his claims and that the district court should have considered each claim separately. The language of 28 U.S.C. § 2401(a), however, states that "every civil action commenced against the United States" is subject to a six-year statute of limitations. Thus, the district court properly applied the statute of limitations to "every civil action."

Because Ross's claims are time-barred under 28 U.S.C. § 2401(a), we affirm the district court's determination that it lacked subject matter jurisdiction. Furthermore, we need not address the other issues raised in Ross's appeal because the district court was without subject matter jurisdiction.

No costs.